**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0990-24

MIDLAND CREDIT
MANAGEMENT, INC.,

    Plaintiff-Respondent,

v.

ABUSSAMAA RAMZIDDIN,

    Defendant-Appellant.

_____

        Argued April 21, 2026 – Decided July 9, 2026

        Before Judges Sumners and Susswein.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. DC-004101-24.

        Abussamaa Ramziddin, appellant, argued the cause on appellant's behalf.

        Michael P. Trainor argued the cause for respondent (Blank Rome LLP, attorneys; Michael P. Trainor, on the brief).

PER CURIAM

On June 3, 2024, plaintiff filed a Special Civil Part complaint against defendant seeking an outstanding debt of $662.60 plus costs. The debt arose from defendant's account with Credit One, which was later assigned to plaintiff.

After defendant filed an answer and counterclaim, the trial court notified the parties on or about July 9 that a non-jury trial was scheduled for October 21, at 9:00 a.m. Two weeks later, defendant moved to amend his counterclaim. It is unclear from the record whether the trial court considered the motion.

On August 6, plaintiff filed a Rule 4:6-2(e) motion to dismiss defendant's counterclaim. Defendant subsequently moved under Rules 4:31-2 and 4:28 to join plaintiff's lawyers Pressler, Felt & Warshaw, LLP, and Steven Lundy, Esq., as parties. On September 13, the trial court issued an order granting plaintiff's motion to dismiss and denying defendant's motion for joinder. Defendant opposed plaintiff's motion to dismiss his counterclaim. On September 18, plaintiff, now represented by present counsel on the counterclaim, replied to defendant's opposition to its motion to dismiss his counterclaim.

On September 20, plaintiff sought summary judgment for $662.60 plus costs. Defendant opposed the motion and plaintiff replied.

On October 18, citing its pending motions to dismiss defendant's counterclaim and for summary judgment, plaintiff submitted a letter requesting

2

that the court convert the October 21 "trial date to a settlement conference, motion hearing and, if needed, case management conference."[1] The letter concluded with: "Please advise at the [c]ourt's earliest convenience its decision on this request." There is no indication in the record that the court responded to this request.

On October 21, plaintiff, represented by one counsel for the debt claim and another counsel for the counterclaim, appeared in court. The court asked plaintiff's counsel if they had "seen the [d]efendant around today?" The counterclaim counsel replied, "No, your Honor." Regarding the debt, the court asked debt claim counsel: "Do you want summary judgment, or [do] you want default?" Counsel replied: "I'll take a default." The court ruled: "Then we'll mark the summary judgment as withdrawn on the main claim, and a default is entered. I'll enter a default judgment." Regarding the counterclaim, the other counsel requested that the motion to dismiss "be granted and the counterclaims be dismissed with prejudice." After commenting that if defendant did not appear due to a possible "emergency or medical condition," the court explained that counsel "may be back on another day," and granted the motion to dismiss the counterclaims "for reasons stated in the moving papers."

---

[1] The record does not indicate whether the trial court responded to this motion.

A-0990-24

On November 6, the court entered an order providing that "[t]he motion for summary judgment was granted and the counterclaim was dismissed on the record on October 21, 2024" and that "the reasons are as set forth . . . on the record on October 21, 2024."

Before us, defendant seeks reversal of the order granting plaintiff's motions for summary judgment and dismissal of his counterclaims. Defendant asserts that the trial court violated the due process clause and Rule 4:46-2 by converting the non-jury trial proceeding into a summary judgment proceeding without notice to defendant and engaging in an improper "ex parte[] colloquy" with plaintiff at the proceeding. Defendant contends that he filed a motion to vacate the October 21, 2024[2] judgment on November 22, 2024, explaining he failed to appear in court because he was ill. He provides a certified, court-stamped copy confirming the filing of this motion but acknowledges that the trial court's e-Courts docket does not reflect the filing.

Defendant also argues that plaintiff's debt collection action constitutes false or deceptive representations under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692 to1692(p), the New Jersey Consumer Fraud Act (NJCFA), N.J.S.A. 56:8-1 to -21, and the Fair Credit Reporting Act (FCRA), 15

---

[2] Plaintiff mistakenly stated "October 12, 2024."

A-0990-24

U.S.C. § 1681(a) to (x).  Defendant requests that this court award him statutory damages under the FDCPA, FCRA, and NJCFA, punitive damages, emotional distress damages, and sanctions against plaintiff's counsel pursuant to Rule 1:4-8.

Plaintiff maintains that the trial court properly granted its motions for summary judgment and to dismiss defendant's counterclaims.  Plaintiff argues there is no basis for defendant's due process claims because he was notified of the trial date but failed to appear.  Plaintiff claims that the unrefuted documents it submitted, establishing defendant's debt, justify summary judgment.  Plaintiff also claims that there is no merit to defendant's argument that it violated the FDCPA, FCRA, or NJCFA.

Prior to oral argument, we requested the parties "provide a copy of the [trial][c]ourt's order (immediately) concerning . . . defendant's motion to vacate the November 6, 2024 order and to schedule a new hearing, which was filed on November 22, 2024."  Both parties acknowledged there is no such order.

Based upon our review of the record, we conclude there are procedural errors which require reversal and remand.

A-0990-24

The November 6 court order states that plaintiff's summary judgment for the debt claim and court costs is granted.[3]  This is perplexing because the court stated it would grant plaintiff a default and withdraw the summary judgment motion after plaintiff's counsel stated he wanted a default in response to the court's inquiry.  There is no indication in the record why the court deviated from plaintiff's request for default.  The order creates further confusion by stating that summary judgment is granted and defendant's counterclaim is dismissed for reasons set forth on the record on October 21, but the court did not give any findings of fact and conclusions of law either orally or in writing explaining why it granted the relief as required by Rule 1:7-4.  Ironically, the court's only reasoning for granting a default against defendant, which arguably complies with the rule, is that defendant did not appear for trial that day.  Accordingly, we remand for the court to amend its November 6 order to reflect that, as to plaintiff's debt claim, default is entered against defendant, and plaintiff withdraws its summary judgment motion.  To ensure compliance with Rule 1:7-

---

[3]  The summary judgment order does not indicate the amount of damages awarded to plaintiff.  At argument before us, the parties admitted that there is no order of judgment against defendant.

6

4, the court must provide its findings of fact and conclusions of law, either orally or in writing, explaining why it entered a default against defendant.

Another perplexing issue is whether defendant filed a motion to vacate the November 6 order. Defendant has provided a trial court-stamped copy of the motion to vacate the order filed with the trial court but acknowledges that the court has no record of the filing.[4] Plaintiff contends this court should not consider this argument because the trial court has no record of the motion being filed and defendant has not raised this issue in his notice of appeal. Plaintiff's contention has some merit. Still, on balance, we conclude that on remand the trial court should consider defendant's motion to vacate in its order granting default against him.

Even though the trial court has no record of defendant filing a motion to vacate, despite defendant's stamped copy, we may reject defendant's contention for failing to raise it below "on this basis alone." In re Civil Commitment of A.H.B., 386 N.J. Super. 16, 28 (App. Div. 2006) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). However, "in the interests of justice," we may also consider arguments not raised before the trial court. R. 2:10-2. The

---

[4] It appears that defendant filed a hard copy of the motion directly with the court rather than electronically through eCourts.

7

record reveals that defendant, although self-represented, vigorously opposed plaintiff's action and sought relief against plaintiff. He filed an answer and counterclaim, moved to amend his counterclaim, sought to join plaintiff's counsel as a party, opposed summary judgment, and opposed plaintiff's summary judgment motion. Given his participation before the trial court—as well as his appeal and numerous filings before us—it is very likely that he moved to vacate the November 6 order, as substantiated by the court-stamped copy of his motion.[5]

Because our reversal and remand are due to procedural deficiencies, we take no position on the merits of the parties' respective claims and counterclaims. Remand shall be completed within forty-five days of this opinion. The trial court shall give plaintiff the opportunity to respond to defendant's motion to vacate and defendant the opportunity to reply.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Harley

Clerk of the Appellate Division

---

[5] Ironically, as the trial court intimated at the October 21 trial date, defendant in support of his motion to vacate, certified that he did not appear at trial because he was ill.

A-0990-24